UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
KENNETH J. PHELAN,

                               Plaintiff,

                                        5:10-CV-0724
             v.                          (DNH/ATB)

CHUCK SULLIVAN, N.Y.S.P. Senior Investigator;
*[1]MICHAEL REINOEHL[2]; *ERIC LEONARD; *ANN
KOSTECKI; *JIM CONWAY; MATTHEW
RENNERMAN, N.Y.S.P. Officer with the rank of
Major; JOHN P. MELVILLE, Acting Superintendent of
N.Y.S.P. Police Dept.; and *NICK GEORGEADIS,
Each Individually and in their Official Capacity,

                               Defendants.
--------------------------------------------------------
APPEARANCES:                        OF COUNSEL:

KENNETH J. PHELAN
09-A-1183
Plaintiff, *pro se*
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. ERIC T. SCHNEIDERMAN        ROGER W. KINSEY, ESQ.
New York Attorney General               Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

DAVID N. HURD
United States District Judge

## DECISION and ORDER

**I.    Introduction**

        Plaintiff Kenneth J. Phelan moved for a temporary restraining order and

---

    [1] Each sued as N.Y.S.P. Investigator.

    [2] According to the affidavit filed by this defendant, his last named is spelled "Reinoehl." *See* Dkt.
No. 33-1 at 1.  The Clerk is directed to revise the docket accordingly.

preliminary injunction. Defendants opposed.

At issue in this civil rights action are plaintiff's claims against the defendants for excessive force and false arrest. Defendants filed an answer to the complaint on September 28, 2010. Dkt. No. 21.[3]

**II.   Discussion**

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party. *D.D. ex rel. V.D. v. N.Y.C. Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'" *Candelaria v. Baker*, No. 00-CV-0912E, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)). When, however, the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the standard is higher. *Id.* "[I]n addition to demonstrating irreparable harm, [t]he moving party must make a clear or substantial showing of a likelihood of success on the merits." *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir.1996) (internal quotations omitted).

---

[3] As provided in the Mandatory Pretrial and Discovery Order issued by Magistrate Judge Andrew T. Baxter, the discovery completion date is July 5, 2011; dispositive motions are to be filed no later than October 3, 2011. *See* Dkt. No. 29.

The same standards govern consideration of an application for a temporary restraining order. *Local 1814 Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n Inc.,* 965 F.2d 1224, 1228 (2d Cir. 1992).

"The showing of irreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'" *Brown v. Middaugh*, No. 96-CV-1097, 1998 WL 566791 at *1 (N.D.N.Y. Sept. 3, 1998) (Munson, S.J.) (citations omitted). Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). "Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages." *Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *McKinnon v. Tresman,* No. 302CV2305, 2004 WL 78091, at *1 (D. Conn. 2004) (citing *Devose,* 42 F.3d at 471 (denying the inmate plaintiff's motion for preliminary injunction when the inmate's complaint alleged denial of adequate medical treatment and his motion for preliminary injunction sought relief for alleged retaliation based on filing the instant lawsuit)); *see also Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir.1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."). *Candelaria,* 2006 WL 618576, at *3. In other words, the relief that a plaintiff seeks by way of injunction must relate to the allegations

contained in the underlying complaint. *See Allen v. Brown,* No. 96-CV-1599, 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (Pooler, J.) (adopting a magistrate judge's recommendation that the court deny a request for injunctive relief because the allegations in the application were unrelated to claims asserted in the complaint and, thus, the plaintiff had "failed to establish either a likelihood of succeeding on the merits of his *underlying claim,* or sufficiently serious questions going to the merits of *such claim* and a balance of hardships tipping decidedly toward" the plaintiff (citations omitted)). In addition, except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction . . . binds only . . . the parties . . . ."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Slacks v. Gray*, No. 9:07-CV-0510, 2008 WL 2522075, at *1 n. 1 (N.D.N.Y. Jun. 25, 2008) (Mordue, C.J.).

Plaintiff seeks an order restraining defendants Sullivan and Reinoehl from contacting him, directly or indirectly, and further restraining them from filing "any charges in criminal court or otherwise or contact through district attorney or assistan[t] district attorney." Dkt. No. 30 at 4.[4] In his supporting affidavit, plaintiff states that he believes defendants are trying to "blackmail me into dropping my lawsuit or face false criminal charges. Defendants are also harassing my family." *Id*. at 5. Plaintiff complains that Sullivan and Reinoehl traveled to his facility for the allegedly improper purpose of threatening him with false criminal charges unless he dropped this lawsuit.[5]

---

[4] Plaintiff's motion was signed by plaintiff and notarized on September 26, 2010, in Seneca County, at which time plaintiff was confined in Auburn Correctional Facility. The motion was redated and signed on February 15, 2011, and received by the Clerk of the Court for filing on March 7, 2011.

[5] Plaintiff states that he refused to meet with defendants. Dkt. No. 30 at 11.

Plaintiff also claims that "[d]efendants have already retaliated against me by having a correctional officer write me up with false charges and have suffered irreparable harm." *Id*. at 5-6.  According to plaintiff, defendants are also "harassing my family to pressure me into dropping the lawsuit." *Id*. at 6.  Plaintiff claims that defendants have subjected him to false arrest on one occasion and are likely to do so again unless plaintiff accedes to their threats and discontinues this action.  *Id*. at 13.

Defendants have responded in opposition to plaintiff's motion, urging its denial.  Dkt. No. 33.  As set forth in their Memorandum of Law, defendants contend that plaintiff has failed to make the required showing for the issuance of preliminary injunctive relief.  Defendants further argue that well-established principles of federal court abstention from ongoing state criminal proceedings warrant denial of plaintiff's motion.  *See* Dkt. No. 33 at 4-10.

Defendants have submitted an affidavit from defendant N.Y.S.P. Investigator Michael Reinoehl.  Dkt. No. 33-1.  According to Investigator Reinoehl, plaintiff mailed a letter to him dated April 13, 2010, in which plaintiff "raged" against defendants and the New York State Police in general, and made what appeared to be specific threats against defendant N.Y.S.P. Investigator Sullivan and his family.  *Id*. at ¶¶ 6-7.[6] Investigator Reinoehl states that he turned the letter over to the State Police for investigation.  *Id*. at ¶ 8.[7]  Investigator Reinoehl states that upon information and belief, the matter was investigated by the Bureau of Investigation ("BCI") unit assigned to the

---

[6] A copy of plaintiff's letter is attached as exhibit A to Reinhoehl's Affidavit.  Dkt. No. 33-1 at 4-5.

[7] Defendants Sullivan, Kostecki, Conway, Rennerman, and Reinoehl played no part in the investigation surrounding plaintiff's letter.  *Id*. at ¶ 10.

Auburn area. *Id*. at ¶ 9.[8] After turning plaintiff's letter over to the BCI, Investigator Reinoehl's only involvement in the case was as a witness before the grand jury convened in Cayuga County. *Id*. at ¶ 11.[9] Defendants have not had contact with plaintiff's family for more than a year; Investigator Reinoehl states that his last contact with the family was by telephone, in response to an inquiry from plaintiff's father. *Id*. at ¶¶16-18.

Plaintiff's motion papers were thoroughly reviewed and the claims asserted therein were considered in the light most favorable to plaintiff, as a *pro se* litigant. Based upon that review, plaintiff has failed to establish either of the elements required for the granting of injunctive relief, and therefore his motion will be denied.

"The Second Circuit has defined 'irreparable harm' as 'certain and imminent harm for which a monetary award does not adequately compensate,' noting that 'only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.'" *Perri*, 2008 WL 2944642, at * 2 (citing *Wisdom Imp. Sales Co. v. Labatt Brewing Co.,* 339 F.3d 101, 113-14 (2d Cir. 2003)); *see also Kamerling v. Massanari,* 295 F.3d 206, 214 (2d Cir. 2002) ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." (internal quotation omitted)). Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles*

---

[8] Plaintiff was confined at Auburn Correctional Facility at that time.

[9] Investigator Reinoehl further states upon information and belief that plaintiff was indicted on two counts of making terrorist threats, and that his case was pending in Cayuga County as of March 30, 2011. *Id*. at ¶ ¶ 12-15.

*v. Lyons*, 461 U.S. 95, 111-12 (1983); *see also Hooks v. Howard*, No. 9:07-CV-0724, 2008 WL 2705371, at *2 (N.D.N.Y. Jul. 3, 2008) (McAvoy, Sr. J.) ("Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages."); *Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (same).

Plaintiff alleges that as a result of his filing this lawsuit, he has experienced retaliation and harassment from the defendants. Construed liberally, plaintiff claims that he has been subjected to an unwarranted attempt by defendants to interview him at his correctional facility, threatened with unfounded criminal charges, his family has been harassed, and a false misbehavior report was issued against him by an unidentified correctional officer who is not a party to this action. These allegations are directed in conclusory fashion against the "defendants" and are not supported by any facts whatsoever. Indeed, inasmuch as plaintiff states that he refused to meet with "defendants" at Auburn, he has not identified a single occasion on which he has even had contact with them subsequent to the criminal proceedings challenged herein. To the extent that criminal charges were brought against plaintiff as a result of the letter he sent to Investigator Reinhoehl, that fact without more, does not demonstrate irreparable harm. As the Supreme Court has noted, "the 'cost, anxiety, and inconvenience of having to defend against a single criminal prosecution' was not the type of injury that could justify injunctive relief." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 601-02 (1975) (citation omitted). Plaintiff's claim that he might face additional "false criminal charges" from the defendants is entirely speculative and is patently insufficient to demonstrate that he is likely to suffer irreparable harm if the requested relief is not granted.

It has also been considered whether plaintiff has provided proof of a likelihood of succeeding on the merits of his claims, or evidence that establishes sufficiently serious questions going to the merits of such claims and a balance of hardships tipping decidedly toward him as the party seeking such relief, *see Covino,* 967 F.2d at 77, and concludes that he has not.

Plaintiff has failed to submit any proof or evidence which meets this standard. Plaintiff has submitted only his motion containing his request for injunctive relief and the reasons why he believes his request should be granted. Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Moreover, plaintiff has not proffered any evidence to contradict or otherwise call into question the affidavit testimony of Investigator Reinoehl, who flatly contradicts the factual assertions upon which plaintiff's motion is based. As set forth in that affidavit, defendants Reinoehl and Sullivan were not involved in the investigation conducted by the New York State Police BCI into the letter plaintiff sent to Investigator Reinhoehl in April 2010, they played no role in the determination of whether criminal proceedings should be initiated, and have had no contact with plaintiff's family for more than one year.

Since plaintiff has failed to establish either of the two requisite elements

discussed above, his request for injunctive relief will be denied.[10]

### III.  Conclusion

Accordingly, it is

ORDERED that

1.  Plaintiff's motion for injunctive relief (Dkt. No. 30) is DENIED; and

2. The Clerk shall serve a copy of this Order on the parties.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  May 23, 2011
        Utica, New York.

---

[10] In light of this ruling, the Court need not address defendants' remaining arguments in opposition to plaintiff's motion.